UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Fitzgerald Lightner, | ) C/A No. 9:15-3085-TMC-BM |
| Petitioner, | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| Warden B.J. Meeks, *FCI Williamsburg*, | ) |
| Respondent. | ) |

The Petitioner, David Fitzgerald Lightner, has filed this action, pro se, seeking habeas relief. Petitioner brings his application for writ of habeas corpus (Petition) pursuant to 28 U.S.C. § 2241.

Under established local procedure in this judicial district, a careful review has been made of the pro se petition filed in this case pursuant to the procedural provisions of the Rules Governing Section 2254 Proceedings in the United States District Court,[1] 28 U.S.C. § 2254; the Anti–Terrorism and Effective Death Penalty Act of 1996; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983). Pro se petitions are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975).

---

[1] See Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts [the district court may apply any or all of these rules to a habeas corpus petition not filed pursuant to 28 U.S.C. § 2254].



However, even when considered under this less stringent standard, for the reasons set forth hereinbelow the petition submitted in the instant case is subject to summary dismissal. The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## Discussion

Petitioner, a federal inmate at FCI-Williamsburg, challenges his career offender enhancement under the United States Sentencing Guidelines. Petitioner was convicted in a jury trial of conspiring to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846, and possessing with intent to distribute 50 grams or more of cocaine base in violation of 18 U.S.C. § 841(a). He was sentenced, based on an enhancement pursuant to 21 U.S.C. § 851, to life imprisonment. See Petition, ECF No. 1 at 1; Petitioner's Memorandum, ECF No. 1-1 at 4; see also Lightner v. Zych, No. 7:11cv00534, 2011 WL 6010060 (W.D.Va. Nov. 30, 2011). The Court of Appeals for the Fourth Circuit affirmed Plaintiff's conviction and sentence. United States v. Lightner, Nos. 94–5540 and 94–5541, 1996 WL 295284 (4th Cir. June 5, 1996), cert. denied, 519 U.S. 940 (Oct. 15, 1996).

Plaintiff thereafter challenged the legality of his conviction and sentence in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed in the Western District of North Carolina, which the court dismissed as untimely filed. See Lightner v. United States, No. 3:01cv580 (W.D.N.C. Nov. 9, 2001).[2] The Fourth Circuit dismissed his appeal. United States v.

---

[2] A federal court may take judicial notice of the contents of its own record; see Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970); as well as of factual information
(continued...)



2

Lightner, No. 01-8050, 30 F. App'x 329 (4th Cir. Mar. 25, 2002), cert. denied, Lightner-El v. United States, 537 U.S. 916 (2002). A request to file a second § 2255 motion was filed by Petitioner in the Western District of North Carolina on August 20, 2010, which was dismissed. See Lightner v. United States, No. 3:12-cv-00544-FDW (W.D.N.C. Sept. 4, 2012). Petitioner further states that he recently sought review under 28 U.S.C. § 2244 to obtain permission to file a second or successive § 2255 motion, but the Fourth Circuit denied his request. ECF No. 1-1 at 5-6.

Petitioner asserts that the § 851 enhancement should not have been applied to his sentence, that his sentence exceeds the statutory maximum prescribed under the law, and that he is "actually, factually and legally innocent of the 851 enhancement as applied to [his] sentence." ECF No. 1 at 2-3. He alleges that pursuant to Persaud v. United States, 134 S. Ct. 1023 (2014),[3] § 2255

---

[2](...continued)
located in postings on government web sites. See Tisdale v. South Carolina Highway Patrol, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), aff'd 347 F. App'x 965 (4th Cir. Aug. 27, 2009); In re Katrina Canal Breaches Consolidated Litigation, No. 05–4182, 2008 WL 4185869 at * 2 (E.D.La. September 8, 2008)[noting that courts may take judicial notice of governmental websites including other courts' records]; Williams v. Long, 585 F.Supp.2d 679, 687–88 (D.Md. 2008) [noting that some courts have found postings on government web sites as inherently authentic or self-authenticating].

[3]In Persaud, the petitioner filed a § 2255 motion and argued that his two prior felony drug convictions no longer qualified as proper predicate felonies based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The motion was denied as a successive § 2255 motion and Persaud's argument that he should be allowed to proceed under § 2241 was rejected by the district court. Persaud v. United States, Nos. 3:12-ca-509–FDW, 3:01–cr–36–FDW–7, 2012 WL 5902557, at *2 (W.D.N.C. Nov. 26, 2012). The Fourth Circuit Court of Appeals affirmed. See United States v. Persaud, 517 F. App'x 137 (4th Cir. 2013). However, the judgment was vacated by the Supreme Court, and the case was remanded to the Court of Appeals "for further consideration in light of the position asserted by the Solicitor General in his brief for the United States filed on December 20, 2013." Persaud v. United States, 134 S.Ct. 1023 (2014). The action was stayed on December 5, 2014, pending a decision in the Fourth Circuit Court of Appeals in United States v. Surratt, No. 14-6851 (4th Cir.). See United States v. Persaud, No. 3:12-cv00509-FDW (W.D.N.C.)(ECF Nos. 15, 16).



3

relief is inadequate and ineffective to test the legality of his detention and he is entitled to 2241 relief based on actual innocence of an 851 enhancement as applied to his sentence. Petitioner asserts that were it not for the enhancement of his sentence pursuant to 21 U.S.C. § 851, he would have only faced a sentence of twenty years. He requests that his sentence be vacated, and that he be resentenced and immediately released from federal custody. ECF No. 1-1 at 3.

This action is subject to summary dismissal because "it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255," not through a Petition filed pursuant to § 2241. Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997)). Petitioner cannot challenge his federal conviction and sentence under § 2241 unless he can satisfy the § 2255 savings clause, which provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); see also Reyes–Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001); Ennis v. Olsen, No. 00–7361, 2000 WL 1868982, at *1 (4th Cir. Dec. 22, 2000). Although Petitioner indicates that he has been unsuccessful in seeking relief under § 2255, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." In re Vial, 115 F.3d at 1194 n. 5.

The Fourth Circuit has announced a three-part test to determine whether a petition challenging the lawfulness of a conviction or sentence can be brought under § 2241:



4

> Section 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the **substantive law** changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000)(emphasis added). This test was formulated expressly to provide a remedy for the "fundamental defect presented by a situation in which an individual is incarcerated for conduct that is not criminal but, through no fault of his own, he has no source of redress." Id. at 333 n. 3.

However, Petitioner has not alleged that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Rather, Petitioner asserts that the sentencing court improperly enhanced his sentence as a career offender because two of his state court convictions no longer qualify as predicates for enhancement of his federal sentence. The United States Court of Appeals for the Fourth Circuit has not, however, extended the reach of the savings clause to petitions which challenge only a sentence. United States v. Poole, 531 F.3d 263, 267 n. 7 (4th Cir. 2008); Farrow v. Revell, No. 13-6804, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) [challenge to sentencing factor is not cognizable under § 2241]. Accordingly, Petitioner fails to state a cognizable § 2241 claim as to his argument concerning his sentence. See United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010)[holding that "actual innocence applies in the context of habitual offender provisions only where the challenge to eligibility stems from factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes"]; see also



5

Darden v. Stephens, 426 F. App'x 173, 174 (4th Cir. 2011)[refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender].[4]

Petitioner appears to argue that he is entitled to relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc) and United States v. Newbold, 791 F.3d 455, 456, 464 (4th Cir. 2015)[Concluding that "a petitioner may challenge on collateral review a Simmons error resulting in his erroneous designation as an armed career criminal" and vacating and remanding sentence because the petitioner did "not possess the requisite, predicate 'serious drug offenses' making him an armed career criminal"] because his North Carolina convictions, which were the basis for his sentencing enhancement, no longer qualify as felonies. The Fourth Circuit, in Simmons, overruled United States v. Harp, 406 F.3d 242 (4th Cir 2005), and held that a prior conviction will constitute a felony for purposes of an enhanced punishment only if the prior conviction was actually punishable for more than one year of imprisonment as to that defendant (not as to any possible defendant). United States v. Simmons, 649 F.3d at 243-245, 247. However, the District Court for the Western District of North Carolina previously considered Petitioner's § 2255 motion in which he argued that Simmons invalidated his two prior North Carolina felony convictions which were used to enhance his federal sentence and denied Petitioner's motion, stating that:

> [Petitioner] confuses his actual term of imprisonment and/or term of probation with the fact that he personally faced a sentence in excess of one year, although he did not receive such a sentence in either case. North Carolina did not implement Structured

---

[4]It is noted that Petitioner previously brought a § 2241 petition in the District Court for the Western District of Virginia (he was previously incarcerated at USP Lee in Virginia) in which he argued that the predicate offenses used to establish his career offender status no longer qualified as predicate offenses, which was dismissed because Petitioner failed to meet the In re Jones standard to show that § 2255 was inadequate to test the legality of his conviction, and that his claims could not be addressed under § 2241. Lightner v. Zych, No. 7:11cv00534, 2011 WL 6010060 (W.D.Va. Nov. 30, 2011), aff'd, 471 F. App'x 204 (4th Cir. 2012).



> Sentencing until 1994, [Petitioner's] two prior North Carolina felony convictions were from 1987 (87CRS55428) and 1988 (88CRS38143). Because both those state felony convictions were pre-Structured Sentencing, he actually did face imprisonment in excess of one year. Thus Simmons is inapplicable to the Defendant.

Text Order, United States v. Lightner, Nos. 3:93-cr-00133-FDW-2, 3:12-cv-00544-FDW (W.D.N.C September 4, 2012), cert. denied, 527 F. App'x 246 (D.S.C. June 4, 2013). Further, Petitioner does not allege that he is actually innocent of the predicate offenses. Rather, he argues that the sentencing enhancement does not apply. Thus, the procedural flaw inherent in his § 2241 petition is not remedied by Simmons or Newbold. See Jackson v. O'Brien, No. 1:13CV256, 2015 WL 4389561 (N.D.W.Va. July 17, 2015).

Finally, Petitioner also argues that Johnson v. United States, 135 S.Ct. 2551 (2015) [declaring the residual clause in the Armed Career Criminal Act (ACCA) unconstitutionally vague], supports his position that he does not qualify for the § 851 sentence enhancement. However, Petitioner's reliance on Johnson is misplaced, because Petitioner alleges an improper career offender enhancement pursuant to the United States Sentencing Guidelines and provides no indication that his sentence was enhanced under the residual clause of the ACCA, which Johnson addressed.

## MOTION TO STAY

On December 8, 2015, Plaintiff filed a motion to stay proceedings until the final judgment of the en banc hearing scheduled by the Fourth Circuit Court of Appeals in United States v. Surratt, 797 F.3d 240, 249 (4th Cir. 2015), reh'g en banc granted (Dec. 2, 2015). As it is recommended that this Petition be dismissed based on current law, it is also recommended that Petitioner's motion to stay be denied. If the Fourth Circuit amends Circuit precedent in a manner that would provide Petitioner relief, he may file a § 2241 petition at that time. See United States v.



7

Little, 392 F.3d 671, 680 (4th Cir. 2004)[noting that "[§ ] 2241 is not subject to the procedural requirements of [28 U.S.C.] § 2244(b)," which limits when an inmate may bring a successive habeas corpus petition], holding modified by United States v. Urutyan, 564 F.3d 679 (4th Cir. 2009); see also Oden v. Wilson, No. 3:15CV196, 2016 WL 183469 (E.D.Va. Jan. 11, 2016)[" If in Surratt, the Fourth Circuit concludes an inmate can utilize 28 U.S.C. § 2241 to challenge his or her sentence, Oden may file a new 28 U.S.C. § 2241 petition].

### RECOMMENDATION

Accordingly, it is recommended that the Petition in this action be dismissed without prejudice and without requiring Respondent to file a return.[5] It is also recommended that Petitioner's motion to stay be denied.

Petitioner's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

March 8, 2016
Charleston, South Carolina

---

[5]As the Petitioner references Johnson v. United States when discussing his requested relief, pursuant to Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015), the Clerk of Court is directed to send a copy of this Report and Recommendation to the Federal Public Defender for such evaluation and action as may be deemed appropriate by that office. See Standing Order No. 3:15-mc-325-TLW (D.S.C. Oct. 9, 2015)[authorizing the Federal Public Defender to contact and represent defendants impacted by the Supreme Court's decision in Johnson].

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

