IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| David Fitzgerald Lightner, | ) | |
| | ) | Civil Action No. 9:15-3085-TMC |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden B.J. Meeks, FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner David Fitzgerald Lightner is a federal inmate currently incarcerated at the Federal Correctional Institution Williamsburg in Salters, South Carolina, seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice and without requiring Respondent to file a return and that Petitioner's motion to stay (ECF No. 10) be denied. (ECF No. 15). Petitioner was advised of his right to file objections to the Report (ECF No. 15 at 9), and he filed timely objections. (ECF No. 18).

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that

do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In his petition filed pursuant to 28 U.S.C. § 2241, Petitioner seeks to use the savings clause of 28 U.S.C. § 2255 and *Persuad v. United States* to attack a life-sentence enhancement. (ECF No. 1). Petitioner claims that a § 2255 petition is inadequate or ineffective because the Fourth Circuit has denied him leave to file a successive application. Petitioner argues that he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015). (ECF No. 1-1 at 8). He also contends that he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1-1 at 8–9).

The magistrate judge recommended that this court find that Petitioner cannot file this claim pursuant to § 2241 by way of the savings clause of § 2255. (ECF No. 15). The magistrate judge examined the three prong test for determining whether a petitioner can avail himself of the savings clause, and recommended a finding that he cannot meet the requirements. (ECF No. 15 at 4–6). The magistrate judge then considered whether Petitioner is entitled to relief under *Simmons* and *Newbold* and recommended a finding that he is not entitled to such relief. (ECF No. 15 at 6–7). The magistrate judge also recommended a finding that *Johnson* did not apply to the facts of this case. (ECF No. 15 at 7). And finally, the magistrate judge recommended that this court deny a motion to stay (ECF No. 10) filed by Petitioner, which sought a stay pending resolution of the en banc decision in *United States v. Surratt*, 797 F.3d 240, 249 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015). (ECF No. 15 at 7–8).

Petitioner filed objections to the Report. Petitioner first objects to the magistrate judge's recommendation on the applicability of the savings clause to his case. (ECF No. 18 at 2–5). Petitioner next objects to the recommendation that he is not entitled to relief under § 2241. (ECF No. 18 at 5–8).

The court finds that magistrate judge properly discussed why Petitioner cannot avail himself to the savings clause in § 2255. In addition to those reasons stated in the magistrate judge's Report, the court finds that Petitioner cannot raise his *Simmons* argument here because that argument has been already raised to and ruled upon by the sentencing court. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *Levine v. Pettiford*, No. 9:06-1265-SB, 2006 WL 2107072, at *2 (D.S.C. July 28, 2006) (noting that the petitioner "confuse[s] the judicial language 'inadequate or ineffective' with 'failure of relief to be granted'"); *Burman v. Perdue*, No. 5:14-CV-153, 2015 WL 1588069, at *4 (N.D.W. Va. Apr. 9, 2015) (stating that "a § 2255 motion is not inadequate or ineffective merely because the claim was previously raised in a § 2255 motion and denied" (citation omitted)); *see also Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999) (noting that a petitioner generally only has "one bite at the post-conviction apple" (quoting *United States v. Barrett*, 178 F.3d 34, 57 (1st Cir. 1999))); 28 U.S.C. § 2244(a) ("No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.").

In a § 2255 petition filed on August 20, 2012, Petitioner argued that his previous convictions used to enhance his sentence no longer qualify as predicate crimes after the Fourth Circuit's decision in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc).[1]  *See United States v. Lightner*, No. 93-cr-133-2 at ECF No. 187 (W.D.N.C. indictment filed July 14, 1993).  In rejecting Petitioner's argument that two of his prior felony convictions were improperly used to enhance his federal sentence, the sentencing court found, in pertinent part:

> Defendant confuses his actual term of imprisonment and/or term of probation with the fact that he personally faced a sentence in excess of one year, although he did not receive such a sentence in either case. North Carolina did not implement Structured Sentencing until 1994, The Defendant's two prior North Carolina felony convictions were from 1987 (87CRS55428) and 1988 (88CRS38143). Because both those state felony convictions were pre-Structured Sentencing, he actually did face imprisonment in excess of one year.

*Id.*  Petitioner appealed the sentencing court's ruling on his § 2255 petition, and the Fourth Circuit affirmed the decision in an unpublished opinion.  *United States v. Lightner*, 527 F. App'x 246, 247 (4th Cir. 2013).[2]

In this case, the core of Petitioner's substantive claims relate to arguments that he was improperly sentenced due to the Fourth Circuit's ruling in *Simmons*.  (ECF No. 1).  Petitioner's claims relating to *Newbold* and *Persaud* are procedural in nature.[3]  In *Newbold*, the Fourth Circuit held that a petitioner could raise a *Simmons*' claim on collateral review.  791 F.3d at 460–61.  Petitioner can and has raised the *Simmons* issue on collateral review in a § 2255 motion.

In *Persaud*, the Supreme Court granted certiorari and vacated the judgment based on a position taken by the Solicitor General in his brief for the United States.  *Persaud v. United*

---

[1] The court can take judicial notice of court filings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).
[2] In affirming the district court, the Fourth Circuit noted that the district court lacked jurisdiction to consider the successive § 2255 motion. *See Lightner*, 527 F. App'x at 246.
[3] Petitioner also claims he is entitled to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). As discussed by the magistrate judge, *Johnson* is inapplicable to this case. *See also In re: David Fitzgerald Lightner*, No. 16-900 (4th Cir. June 2, 2016) (denying permission to file a successive motion pursuant to 28 U.S.C. § 2255 because "[Lightner] does not identify any claims based on *Johnson* or show any possible merit for such a claim").

*States*, 134 S. Ct. 1023 (2014). In his brief, the Solicitor General argued, for the first time in the case, that a petitioner should be permitted to make a *Simmons*' claim using the savings clause in § 2255. *See* Brief of the United States in *Persaud v. United States*, 2013 WL 708877 (filed Dec. 20, 2013). Petitioner confuses the implications of *Persaud*. Even if post-*Persaud* a Petitioner could use a § 2241 petition to raise this issue, he still cannot get around the fact that the sentencing court specifically addressed the applicability of *Simmons* to Petitioner's facts in a § 2255 motion before that court. The reason § 2255 is "inadequate" in this case is because Petitioner was denied that relief. Because Petitioner raised this issue to the sentencing court and because the sentencing court ruled on that issue, Petitioner cannot raise the *Simmons* issue here.[4] *See* 18 U.S.C. § 2244(a).

And finally, even if Petitioner could get a second bite at the *Simmons*' apple, the court finds that *Simmons* is inapplicable to Petitioner's case for the reasons set forth by the sentencing court.

Therefore, after a thorough review of the Report and the record in this case pursuant to the standards set forth above, the court finds Petitioner's objections are without merit and adopts the Report and Recommendation (ECF No. 15). Accordingly, the habeas petition is **DISMISSED** without prejudice and without requiring Respondent to file a return. Further, Petitioner's motion to stay (ECF No. 10) is **DENIED**.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district

---

[4] Because this argument has already been raised to and ruled upon by the sentencing court, there is no need to stay the case pending a decision by the en banc panel in *United States v. Surratt*, 797 F.3d 240, 249 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015).

court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

August 10, 2016<br>
Anderson, South Carolina